**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| DR. RUSSELL FOULK, et al., | 3:06-CV-0377-BES (VPC) |
| Plaintiff(s), | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JUSTIN KYLE HAYES, et al., | |
| Defendant(s). | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is the motion of plaintiffs and counter-defendants, Dr. Russell and Ms. Janice Foulk ("plaintiffs") to show cause why defendants and counter-claimants, Justin Hayes, Janice Hayes, and Bennett Hayes ("defendants") should not be held in contempt of court (#57). The District Court referred the motion to this court (#58); thereafter, this court issued an order setting this motion for hearing on February 12, 2008, directing that plaintiffs arrange for personal service of the order and the motion for order to show cause on all defendants, and that all parties shall be present for the hearing (#59). Pursuant to that order, plaintiffs duly served each defendant and filed proof of service with the Clerk of Court (#64). Defendants filed no points and authorities in opposition to plaintiffs' motion, and they failed to appear at the February 12, 2008 hearing. At the hearing, the court heard testimony from the plaintiffs and considered arguments of counsel. Having reviewed the papers on file herein and the evidence presented at the order to show cause hearing, the court recommends that judgment be entered against defendant, Justin Hayes, in the amount of $185,000, and that judgment be entered against defendant, Janice Hayes, in the amont of $65,000. Pursuant to the stipulated order, these amounts due shall bear interest at ten (10%) percent per annum. The court does not assess any penalty against

defendant, Bennett Hayes, and the court denies plaintiffs' request to extent the stipulated order an additional two years.

## I. Procedural History

In July 2006, plaintiffs filed a complaint seeking, among other claims, civil remedies for alleged violations of the Sexual Exploitation and Other Abuse of Children Act (#1). Plaintiffs generally allege that defendant, Justin Hayes ("Mr. Hayes"),[1] engaged in a series of improper electronic communications with their daughter, Chelsea Foulk ("Ms. Foulk") , then seventeen. *Id.* Ms. Foulk turned eighteen on October 5, 2005, and she is now twenty years old. *Id.* The improper communications included e-mail and internet communications laced with sexually explicit dialogue, photos, and videos. *Id.* Plaintiffs allege that as a consequence of this conduct, Ms. Foulk suffered severe emotional distress that resulted in a suicide attempt and commitment to a local mental health institution. *Id.,* Dkt. #57.

On January 8, 2007, the parties stipulated to an order and to entry of judgment, including injunctive relief (#48). Judgment was entered on that same date (#49). In summary, the order provides as follows:

1. The stipulation and order shall remain in effect for two years from entry of judgment;

2. Each of the defendants is prohibited from communicating with the plaintiffs or their daughter, Ms Foulk, or other immediate family members ("protected persons");

3. "Prohibited conduct" is generally defined as direct and indirect communications, including oral or telephone conversations, text or instant messages, all forms of internet communications, and transmission of photos;

4. Each defendant is prohibited from coming within one hundred yards of a protected person;

5. If the defendant(s) knowingly violate or conspire to violate the terms of the order, they are immediately liable to plaintiffs in the amount of $5,000 per violation per defendant;

6. Any amounts due for such violations will bear interest at the rate of ten percent (10%) per annum;

---

[1] Mr. Hayes was eighteen years old at the time of the events giving rise to the complaint, and he is currently twenty-one years old (#1).

2

7. The defendants consent and agree that it is no defense that they were responding to communications from those deemed protected persons;

8. The defendants waived other defenses to enforcement of the judgment, except the defense of compliance; and

9. After the expiration of two years from the date of the judgment, and in the event there is no violation of the stipulated order, the restrictions concerning prohibited conduct will terminate.

(#48).

In November 2007, plaintiffs filed a motion for order to show cause, seeking to enforce the penalty provisions of the stipulated order for violations of that order (#57).

### A. Violations of Stipulated Order

Plaintiffs offered evidence and testimony that Mr. Hayes engaged in a series of violations of the stipulated order from May 2007 through November 2007. Mr. Hayes engaged in a series of eleven separate Internet communications with Ms. Foulk from May 19, 2007 through May 21, 2007 (#57, Ex. B). Upon learning of these prohibited communications, plaintiffs' counsel telephoned Ms. Hayes, Mr. Hayes's mother, in May 2007, to advise that he was in violation of the stipulated order (#57, Ex. C).[2] Ms. Hayes stated that she had discussed the matter with her son and that she would immediately disconnect the Internet connection at her residence, since Mr. Hayes resided with her and her husband. *Id.* Based upon these assurances, plaintiffs decided not to seek relief from the court as allowed by the stipulated order. *Id.*

In October 2007, Mr. Hayes resumed prohibited communications with Ms. Foulk once again, and when plaintiffs' counsel contacted Ms. Hayes to inquire whether she had disconnected Internet service at her residence, she admitted that she had failed to do so. *Id.* According to the evidence, Mr. Hayes telephoned Ms. Foulk five times on September 25, 2007 for a total of over six hours on the telephone, and Mr. Hayes received a telephone call from Ms. Foulk that morning, which lasted eighty-five minutes (#57, Ex. D).

---

[2] There is no evidence that plaintiffs' counsel contacted Mr. Hayes directly concerning the alleged violations of the stipulated order.

3

1          In addition to telephone contact, Mr. Hayes continued to communicate with Ms. Foulk over the
2   Internet during October 2007 (#57, Ex. E). In addition to these communications, Mr. Hayes asked Ms.
3   Foulk to send him photos of her, and he communicated with her via instant messaging over the Internet.
4   *Id.* Plaintiffs' counsel once again contacted Ms. Hayes to advise her of her son's continued violations
5   of the stipulated order, and she admitted that she had failed to disconnect the Internet service at her
6   residence (#57, Ex. C). Ms. Hayes also admitted that she had assisted her son in making arrangements
7   to travel to Utah where Ms. Foulk currently resides and reported that she believed Mr. Hayes might try
8   to marry Ms. Foulk on that trip. *Id.* Plaintiffs testified at the hearing that Ms. Foulk traveled to southern
9   Utah last fall to visit Mr. Hayes while he was staying with a family there, and phone records admitted
10  into evidence reveal that Ms. Foulk was in telephone communication with Mr. Hayes in Utah (Trial Ex.
11  I). Also admitted into evidence at the hearing was a recent photo of Ms. Foulk and Mr. Hayes (Tr.Ex.
12  K) and evidence of additional Internet communications (Tr. Ex. J & L).
13         Plaintiffs brought their motion to enforce the terms of the stipulated order, which states that
14  defendants will be subject to a penalty of $5,000 per violation of the order. Plaintiffs originally sought
15  entry of judgment against Mr. Hayes in the amount of $120,000 for twenty-four separate violations of
16  the stipulated order (#57); however, plaintiffs offered testimony and evidence at the show cause hearing
17  that Mr. Hayes violated the order thirty-seven times for a total of $185,000 in violations. Plaintiffs
18  offered evidence and testimony that Ms. Hayes violated the stipulated order thirteen times, for a total
19  of $65,000 in penalties (#57). These violations are based upon Ms. Hayes's unfulfilled promise to
20  disconnect her Internet service after notice of violations in May 2007. As a result, Ms. Hayes knowingly
21  participated in Mr. Hayes's continued violations of the stipulated order thereafter, which also constitute
22  violations (#48, ¶4). In addition, Ms. Hayes telephoned Janice Foulk, Chelsea Foulk's mother, in the
23  fall of 2007 to tell her she believed their children intended to marry. There was no evidence presented
24  that Mr. Hayes's father, Bennett Hayes, has engaged in any violations of the stipulated order.
25         On February 11, 2008, the day before the show cause hearing, plaintiffs filed a pre-trial brief
26  outlining the basis for seeking criminal contempt of court against both Mr. Hayes and Ms. Hayes (#65).
27  In the pre-trial brief, plaintiffs ask that the court issue an order of criminal contempt against Mr. Hayes
28

4

and order his incarceration of fifteen to twenty-one months, one year of supervised release and full compliance with applicable United States Sentencing Guidelines (#65). As to Ms. Hayes, plaintiffs ask for a term of incarceration of between thirty to sixty days. *Id.* At the show cause hearing, plaintiffs recommended a week's incarceration for Mr. Hayes and no incarceration for Ms. Hayes.

## II.  Discussion and Analysis

In this action, the stipulated order itself provides a mechanism for punishing violations of that order; that is, a monetary penalty in the amount of $5,000 per violation. In addition, the court has broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, *see* 18 U.S.C. § 401, and the court has broad discretion in determining whether and to what extent it should exercise its contempt powers. *Green v. United States,* 356 U.S. 165, 188 (1958). Criminal contempt proceedings are governed by Fed.R.Crim.P. 42(a), which requires notice, including the essential facts constituting the charged criminal contempt:

> (1) **Notice**. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
>
> (A) state the time and place of trial;
> (B) allow the defendant a reasonable time to prepare a defense; and
> (C) state the essential facts constituting the charged criminal contempt and describe it as such.

The court declines to recommend that the District Court exercise its formidable criminal contempt powers. The defendants did not receive proper notice that plaintiffs sought to hold them in criminal contempt and that they might face incarceration. Plaintiffs' motion, which was duly served on the defendants, made a two-sentence reference to their request that defendants be held in criminal contempt (#57 at page 3, lines 21-22). The remaining fifteen pages of the motion for order to show cause is exclusively devoted to a discussion of the terms of the stipulated judgment, defendants' alleged violations of that order, and plaintiffs' request that the court imposed the financial penalties prescribed by that order (#57). This scant reference to criminal contempt does not meet the stringent requirements of Fed.R.Crim.P. 42(a). In addition, the court's order to show cause gives no notice of criminal contempt proceedings (#59). It was not until plaintiffs filed their pretrial brief the day prior to the show cause

5

hearing and then offered arguments at the hearing itself that plaintiffs addressed the issue of criminal contempt. For these reasons, the court will not recommend imposition of this very serious remedy for violation of the terms of the stipulated order and judgment in a civil proceeding.

The court also declines to recommend that defendants be held in civil contempt of this court for violation of the stipulated order because that order, by its own provisions, imposes the severe financial penalty of $5,000 per violation of the terms of that order. Plaintiffs implicitly acknowledge that this is the relief they request, since their motion for order to show cause and the evidence offered at the show cause hearing centered almost exclusively on numerous violations of that stipulated order by Mr. Hayes and Ms. Hayes. The court concludes that by their motion, plaintiffs ask this court to enforce the agreed upon terms of that order, and that is what the court will do. It is not for this court to decide whether the terms of the stipulated order are reasonable or whether the monetary penalties are collectible, since it was the parties who agreed upon its terms.

The court has reviewed the evidence presented at the show cause hearing and finds that Mr. Hayes violated the terms of the stipulated protective order thirty-seven times. Pursuant to the stipulated order, Mr. Hayes is liable to plaintiffs in the amount of $5,000 per violation for a total of $185,000. The court further finds that Ms. Hayes violated the terms of the stipulated order thirteen times, and is likewise liable to plaintiffs in the amount of $5,000 per violation for a total of $65,000. Pursuant to the stipulated order, these amounts due shall bear interest at the rate of ten percent (10%) per annum. The court assesses no penalty against defendant, Bennett Hayes, as there was no evidence presented that he violated the stipulated order.

Plaintiffs also made a request at the hearing that the court extend the stipulated order an additional two years, since there have been ongoing violations of the order. *See* #48, para. 11. The court will not extend the terms of this order. The court observes that Mr. Hayes and Ms. Foulk are adults, and that the prospect of severe financial penalties against the defendants has deterred neither from continuing to contact one another, nor has it appeared to deter Ms. Hayes. It remains to be seen whether this court's recommendation, if adopted by the District Court, will have any effect on their future conduct.

The parties should be aware of the following:

1. They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order, and any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

## RECOMMENDATION

For the reasons stated above, the undersigned magistrate judge recommends that the district judge enter an order finding that:

1. Justin Hayes violated the terms of the stipulated protective order thirty-seven times and is therefore liable to plaintiffs in the amount of $5,000 per violation for a total of $185,000; and

2. Janice Hayes violated the terms of the stipulated order thirteen times, and is likewise liable to plaintiffs in the amount of $5,000 per violation for a total of $65,000; and

3. Pursuant to the stipulated order, these amounts due shall bear interest at the rate of ten percent (10%) per annum;

4. The court assess no penalty against defendant, Bennett Hayes, as there was no evidence presented that he violated the stipulated order; and

5. The court deny the plaintiffs' request to extend the stipulated order (#48) an additional two years.

DATED: February 13, 2008.

_____
UNITED STATES MAGISTRATE JUDGE