# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DR. RUSSELL FOULK, *et al.*, | ) | 3:06-CV-377-BES-VPC |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| JUSTIN KYLE HAYES, *et al.*,, | ) | |
| Defendants. | ) | |

Before the Court is Plaintiffs' Motion for Order to Show Cause (Doc #57) filed November 9, 2007. This action was referred to U.S. Magistrate Judge Cooke pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The Magistrate Judge submitted her Report and Recommendation (#66) on February 13, 2008, recommending that this Court find that Justin Hayes and Janice Hayes violated the terms of the stipulated protective order, that the Court assess no penalty against Bennett Hayes and denied Plaintiffs' request to extend the stipulated order an additional two years (Doc #48). Plaintiffs filed an Objection to the Recommendation (#68) on February 22, 2008. Defendants have not filed a response.

## I. ANALYSIS

**A.    Review of Magistrate Judge's Order**

Any party may object to a magistrate judge's case dispositive proposed order, findings, or recommendations. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); LR 74.2. The district court must make a *de novo* determination of those portions of the magistrate judge's report to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id. De novo review means the court must

consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered. Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992). Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which objections are made. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

On November 9, 2007, the Plaintiffs filed a Motion for Order to Show Cause (Doc #57). Upon Plaintiffs' motion the Court ordered Defendants Justin Hayes, Janice Hayes and Bennett Hayes to appear before the Court on February 12, 2008 at 9:00 a.m., to show cause why they should not be held in contempt of court and why judgment should not be entered against them. The Court further ordered Plaintiffs to arrange for personal service of the Order (Doc #59) and the motion for order to show cause (Doc #57) on the Defendants within fifteen (15) days of the date of the Order. The Plaintiffs filed proof of service of the documents on December 27, 2007 (Doc #64). Defendants filed no response to the motion for order to show cause and failed to appear at the February 12, 2008 hearing.

At the hearing, the court heard testimony from the Plaintiffs and considered arguments of counsel. In their objection, the Plaintiffs argue that the Magistrate Judge prejudged the issues before the Plaintiffs commenced presentation of their evidence and refused to entertain the possibility of incarceration for any Defendant. Plaintiffs argue that the Magistrate Judge made errors that are clearly erroneous and contrary to law in failing to impose criminal contempt sanctions against Justin Hayes. Additionally, Plaintiffs request that the Court correct a calculation error in the monetary judgment against Janice Hayes to include all 14 violative communications of the total sum of $70,000. After conducting an independent review of the record, the Court adopts the Magistrate Judge's recommendation (#66).

///

///

///

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' Objection to U.S. Magistrate Judge's Report and Recommendation (#68) is DENIED and the Report and Recommendation (#66) entered by the Magistrate Judge on February 13, 2008 is ADOPTED.

IT IS SO ORDERED.

DATED: This 14th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE